907 F.2d 1140
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Willie Spencer TERRY, Jr., Plaintiff-Appellant,
v.
CITY OF DANVILLE, VIRGINIA and William J. Gibson,
Superintendent, Danville Prison Farm, Defendants-Appellees.
 No. 89-6880.
 United States Court of Appeals, Fourth Circuit.
 Argued May 7, 1990.
Decided June 15, 1990.
 
 Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, District Judge. (CA-89-39-D)
 Gary L. Bengston, Danville, Va., for appellant.
 Martha White Medley, Daniel, Vaughan, Medley & Smitherman, P.C., Danville, Va., for appellees.
 W.D.Va.
 AFFIRMED.
 Before SPROUSE and WILKINSON, Circuit Judges, and FRANKLIN T. DUPREE, Jr., Senior United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 In this prisoner action based on 42 U.S.C. Sec. 1983 plaintiff alleged deliberate indifference to his medical needs by the City of Danville while he was serving a thirty-day sentence for cruelty to his dog. The undisputed facts show that a cell door closed on plaintiff's thumb, resulting in a non-displaced fracture of the thumb. Plaintiff was taken immediately to Souers, a physician's assistant who handled such matters for the city jail, and Souers cleaned and bandaged the thumb, gave plaintiff some Tylenol for pain, and told him to put ice on the thumb and keep it elevated. Later that day plaintiff told a jail officer that he wanted to see a doctor, but he was informed that all the personnel were busy at the time and that his request would be granted as soon as someone was available to take him to a doctor.
 
 
 2
 For the next few days plaintiff apparently continued to receive Tylenol or some pain medication at "pill call," but he never again asked to be taken to a doctor. Four days after the accident, when the jail physician made his regular rounds, he took plaintiff to his office, where an x-ray revealed the non-displaced fracture. Plaintiff was thereupon sent to an orthopedic surgeon who applied a cast to the fracture.
 
 
 3
 In response to discovery Souers said that the treatment he prescribed in this case was the same as in all cases involving non-displaced fractures, that is, ice packs and elevation of the injured member. He testified that this was standard procedure approved by the American Medical Association, and the jail physician backed him up in this, stating that in his opinion the treatment afforded plaintiff was entirely proper.
 
 
 4
 Plaintiff produced no evidence to the contrary, and shortly suffered summary judgment from which this appeal was taken. Plaintiff asserts that defendants' policy of treating all fractures such as this by ice packs and elevation constitutes cruel and unusual punishment as a matter of law, and plaintiff asks this court to reverse the summary judgment in favor of defendants and award him summary judgment.
 
 
 5
 In a well reasoned memorandum opinion the district court held that plaintiff's failure to produce any evidence contrary to that of the defendants to show that there was a genuine issue of material fact required the entry of summary judgment against him. See Fed.R.Civ.P. 56(e). We agree and affirm on the basis of the district court's opinion. Terry v. City of Danville, CA-89-39-D (W.D.Va. Oct. 13, 1989).
 
 
 6
 AFFIRMED.